## AFFIDAVIT OF JOSEPH K. GRANATINO

I, Joseph K. Granatino, being duly sworn, do state that:

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent for over 14 years, and during that time I have been involved in numerous investigations of violations of federal firearms laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with other federal, state and local police departments in and around the Metropolitan Boston area to investigate and prosecute violations of federal firearms, explosives and controlled substance laws.

2.  Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation of Title 18, United States Code, Section 922(g)(1) for a felon to possess a firearm.

3.  I submit this affidavit in support of a criminal complaint charging RICHARD PIERRE-ANTOINE with possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1). The facts stated herein are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts that I believe are sufficient to establish the requisite probable cause.

4.  On January 12, 2005 Detective Louis Cherubino, Jr., of the Cambridge Police Department (CPD) received information from an individual about "crack" cocaine being sold in the Cambridge area. That individual, who agreed to become a confidential

informant (CI), stated that a large-framed African-American male who is approximately 30 years of age and goes by the name "Big E" was selling crack cocaine. The CI stated that "Big E" arranges sales of crack cocaine by giving users his cell phone number, (617) 201-2935. The CI further stated that "Big E" drives various cars while distributing crack cocaine. The CI also stated that he/she knew this information to be true since he/she used crack and had made numerous purchases of crack cocaine from "Big E" in recent weeks.

5.  On January 14, 2005, the CI agreed to make a controlled purchase of crack cocaine from "Big E." The CI dialed (617) 201-2935 in front of Detective Cherubino and spoke with an individual the CI called "Big E." In this phone call, "Big E" instructed the CI to meet at a specific location in Cambridge to purchase crack cocaine. Detective Cherubino searched the CI for any illegal contraband and/or money. Upon finding none, the CI was given an amount of U.S. currency from the CPD Confidential Drug Fund to purchase crack cocaine from "Big E." The serial numbers of the bills from this fund were recorded and copied. CPD detectives maintained surveillance of the CI as he/she proceeded to the location given by "Big E." CPD detectives observed a white Chrysler sedan, bearing Massachusetts license plate 9079RP, arrive on the opposite side of the street from the CI. A person matching the CI's description of "Big E" exited the white Chrysler and met with the CI for approximately one minute. After one minute, the individual believed to be "Big E" reentered the white Chrysler. CPD detectives maintained their visual surveillance of the white Chrysler sedan as it left the area

6.  Meanwhile, Detective Cherubino followed the CI to a prearranged location where the CI turned over a quantity of crack cocaine consistent with the amount of U.S. currency given to him/her. The CI further stated that "Big E" had more crack cocaine,

and that "Big E" told him/her that if anyone else was looking for crack cocaine to give "Big E" a call. Detective Cherubino then searched the CI to see if the CI had any other contraband and/or money, finding none.

7. Detective Cherubino advised the CPD surveillance teams that the CI had purchased crack cocaine from "Big E. When they observed the white Chrysler run a red light at the corner of Hampshire and Columbia Street, they had a marked police cruiser activate its blue lights and pull the vehicle over. One CPD officer observed "Big E," the driver, later identified as RICHARD PIERRE-ANTOINE, reach to the rear of the front passenger seat. No other passengers were visible in the vehicle. CPD officers ordered PIERRE-ANTOINE from the car. During a subsequent search of the car, CPD officers found a silver Bryco Arms Jennings 9mm firearm, serial number 153652, loaded with 8 rounds of ammunition, in the rear pocket behind the front passenger seat, the same area into which PIERRE-ANTOINE reached after being stopped. While searching PIERRE-ANTOINE, CPD officers also found an additional round of 9mm ammunition in PIERRE-ANTOINE's pants pocket, and $579.00 in U.S. currency, including the $100.00 from the CPD Confidential Drug Fund.

8. I have reviewed the computer printout from the Massachusetts Criminal History Board for PIERRE-ANTOINE, which reflects several felony convictions prior to January 14, 2005, for crimes I know to be punishable by terms of imprisonment exceeding one year. More specifically, PIERRE-ANTOINE was convicted of raping a child in Middlesex Superior Court in 1995, for which he received a 2-3 year sentence of imprisonment. He has also been convicted of distribution of a class B substance in 2001, and possession of a dangerous weapon, a knife, in 2005.

9.  Based on my investigation, I have learned that the Bryco Arms Jennings 9mm firearm at issue here was not manufactured in Massachusetts. I have also learned that the nine rounds of recovered ammunition, eight from the magazine of the firearm and one from PIERRE-ANTOINE's person, were not manufactured in Massachusetts. Therefore, both the firearm and the ammunition traveled in interstate commerce.

10. Based upon all of the foregoing information, I believe that probable cause exists to conclude that on January 14, 2005, Richard PIERRE-ANTOINE, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did possess a firearm and ammunition in or affecting commerce, in violation of Title 18, U.S.C., Section 922(g)(1).

Joseph K. Granatino
Bureau of Alcohol, Tobacco, Firearms and Explosives

Marianne B. Bowler
United States Magistrate Judge